**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
Newport News Division

REGINALD C. MITCHELL, and
MARY E. MITCHELL,
        Plaintiffs,

v.                                                                                                    Civ. No. 4:14cv169

OCWEN LOAN SERVICING, LLC, et al.,
        Defendants.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter comes before the Court on plaintiffs' motion to enforce settlement agreement. ECF No. 30. An order of reference dated January 27, 2016, assigned this matter to the undersigned. ECF No. 49. Pursuant to the provisions of 28 U.S.C. § 636(b)(3), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby RECOMMENDED that plaintiffs' motion to enforce settlement agreement be GRANTED for the reasons discussed below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 30, 1992, plaintiffs Reginald and Mary Mitchell ("the Mitchells" or "borrowers") executed a $62,435.00 note in favor of Nationsbanc Mortgage Corporation of Virginia. ECF No. 46-1, Exh. 2 at 1. The note was secured by a deed of trust encumbering the Mitchells' house in Hampton, Virginia. *Id*. The note, deed of trust, and associated documents set forth the terms of the loan. Defendant Ocwen Loan Servicing, LLC ("Ocwen"), is the servicer of the loan, and has been since 2011. ECF No. 1 at ¶ 7. Following Ocwen's acquisition

of the loan, there arose a variety of disputes between Ocwen and borrowers, leading the Mitchells to bring the present action against Ocwen[1] on December 29, 2014, for violation of 15 U.S.C. § 1681 - the Federal Fair Credit Reporting Act ("FCRA"); violation of 12 U.S.C. § 2601 - the Real Estate and Settlement Procedures Act ("RESPA"); and breach of contract for the implied covenant of good faith and fair dealing. ECF No. 1. The nature of the dispute is detailed more fully in the Mitchells' complaint and Ocwen's answer. ECF No. 1; ECF No. 6.

On July 23, 2015, the Mitchells and a representative of Ocwen appeared with their respective counsel in the chambers of United States Magistrate Judge Tommy Miller for a conference and agreed to settle the case. Prior to the end of the conference, the parties memorialized the material terms of the settlement in a term sheet endorsed by both parties and their attorneys. ECF No. 46-1, Exh. 1. Pursuant thereto, Ocwen's counsel drafted ▮▮▮▮▮▮ settlement agreement and forwarded ▮▮ to the Mitchells' counsel on or about August 3, 2015. ECF No. 46 at 2. After several edits, to which both sides agreed, the Mitchells executed the ▮▮▮▮▮▮ settlement agreement and returned ▮▮ to counsel for Ocwen. ECF No. 38 at 2; ECF No. 46 at 2.

As part of the settlement agreement:



---

[1] The Mitchells' complaint also named Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, as defendants. The parties settled these aspects of the case. The case was dismissed against Experian on May 22, 2015, and was dismissed against Trans Union and Equifax on May 27, 2015. ECF Nos. 24-26.



ECF No. 46-1, Exh. 1-2.

The settlement agreement provides that the Court "shall retain jurisdiction over the enforcement of the Agreement." ECF No. 46, Exh. 2 at 3. The settlement agreement also contains a "time is of the essence" provision that states: "Time is of the essence with respect to the performance of any and all provisions of this agreement." *Id*. at 6. ███████████

███████████████████████████████████████████

Following execution of the agreement the case was dismissed with prejudice on September 2, 2015. ECF No. 27. The Mitchells sent Ocwen two checks totaling ███████ ECF No. 38 at 2.[2] Ocwen never cashed these checks and they have since expired. *Id*.[3] ███████

███████

---

[2] The second check was $0.06 short of the total unpaid balance due under the agreement. The Mitchells' counsel included the six cents in the envelope mailed to Ocwen. ECF No. 46 at 5.

[3] The Mitchells' counsel has noted that she is working with the Mitchells' financial institution to reissue the checks. ECF No. 42 at 6.



Ocwen prepared a revised Settlement and Release Agreement ███████████████████████, which it sent to the Mitchells to be executed. ECF No. 28 at 2. The agreements reflected on the term sheet were included in the revised proposal ███████████████████████████████████████████████████ ECF No. 38-1, Exh. A at 2; ECF No. 46-1, Exh. 2 at 2. The revised proposal also reduces the Mitchells' contribution ██ ████████████████ ECF No. 38-1, Exh. A at 2.

Despite the fact that their payment was being reduced, the Mitchells declined to consider or sign the revised proposal. ECF No. 46 at 2. As grounds for this refusal, the Mitchells report that they have already fully performed under the original agreement and that they want nothing further to do with Ocwen. ECF No. 42 at 1. On December 18, 2015, the Mitchells filed the pending motion to enforce settlement agreement.

4

## II.     DISCUSSION

**A.     This Court has jurisdiction over the present matter.**

"Court-facilitated settlements are an important aspect of the judicial process and of its purpose in providing an orderly and peaceful resolution of controversies." *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To this end, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Id.* A motion to enforce a settlement agreement may be accomplished within the underlying litigation and does not require that the plaintiffs file a new complaint. *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). Jurisdiction over an enforcement action can arise where the court gives a "clear indication that it is . . . retaining jurisdiction" over such an action. *New Cingular Wireless PCS, LLC v. Spotsylvania Cnty.*, No. 3:12cv351, 2014 WL 2864107, at *1 (E.D. Va. June 24, 2014) (quoting *Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002)). In this case, the Court unambiguously retained jurisdiction in its dismissal order. ECF No. 27 at 1.

**B.     The Mitchells have fully performed under the original agreement and are not obligated to execute the revised proposal.**

Settlement agreements are "treated as contracts subject to general principles of contract interpretation." *Power Servs., Inc. v. MCI Constructors, Inc.*, 3 F. App'x 190, 192 (4th Cir. 2001) (quoting *Byrum v. Bear Inv. Co.,* 936 F.2d 173, 175 (4th Cir. 1991)). A contract is formed when the offeree communicates its acceptance to the offeror. *Virginia Farm Bureau Mut. Ins. Co. v. Hodges*, 385 S.E.2d 612, 613 (Va. 1989). The elements of a breach of contract are "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and [(3)] injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E. 610, 614 (Va. 2004). When deciding whether to grant a motion to enforce settlement, a court "(1) must find that the parties reached a complete agreement and (2)

must be able to determine its terms and conditions." *Campbell v. Adkisson, Sherbert & Assoc.*, 546 F. App'x 146, 152 (4th Cir. 2013) (quoting *Hensley*, 277 F.3d at 540-41). If both of these elements are met, a court may enforce the agreement as long as the excuse for nonperformance of the agreement is "'comparatively insubstantial.'" *Millner*, 643 F.2d at 1009 (citation omitted). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997). "In deciding whether a settlement agreement has been reached, the court looks to the objectively manifested intentions of the parties." *Moore v. Beaufort Cnty., N.C.*, 936 F.2d 159, 162 (4th Cir. 1991).

The Court first concludes that a settlement agreement has been reached. The terms of the settlement were memorialized in writing on July 23, 2015, through the term sheet. In its opposition brief, Ocwen agrees that it is bound by all of the terms in the term sheet. ECF No. 38 at 4.  Both of these documents were drafted by Ocwen and executed by the Mitchells. Given these facts, as well as the integration clause contained in the settlement agreement it is apparent that both Ocwen and the Mitchells intended to be bound by the settlement agreement at the time it was executed.[4]

---

[4] There is no indication that a representative of Ocwen or its attorney affixed a signature to the original settlement agreement. The Court finds this to be irrelevant in the present case. Ocwen drafted the documents and forwarded them to the Mitchells. The plaintiffs executed the documents on August 6, 2015. By that date, the Mitchells had already fully performed their duties under the agreement. It was not until October 15, 2015, more than two months after the Mitchells accepted the original agreement, that Ocwen raised the specter of an infirmity in that agreement. By that time, Ocwen was already bound. As the drafter of the agreement, Ocwen was the offeror, and the contract was formed upon the Mitchells' acceptance as the offerees. *See generally Campbell*, 546 F.

The Court also finds that the terms and conditions of the agreement can be readily determined. This case is unusual among enforcement motions because there does not appear to be any real disagreement by the parties as to the meaning of the terms in the settlement agreement. It is therefore unnecessary for the Court to hold an evidentiary hearing on this matter. The Court finds the terms contained in the agreement to be unambiguous, and they are as discussed above.

Ocwen contends that the Mitchells' motion is moot because Ocwen has agreed to comply with the above-mentioned unambiguous terms. To be more precise, Ocwen has agreed to comply with those terms only upon the condition that the Mitchells execute Ocwen's revised proposal. The Mitchells are, however, under no legal obligation to enter into the revised proposal, because the parties are already bound by the original agreement. The fact that the revised proposal may save the Mitchells some money does not give rise to a legal obligation.

Ocwen claims that the revised proposal merely insures that the intent of the parties is properly effectuated. Both sides agree that the term sheet, which is an enforceable agreement by itself, reflects the intent of the parties. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ This is a question that Ocwen should have answered prior to drafting the original agreement and offering it to the Mitchells. As previously stated, having second thoughts about an otherwise valid agreement cannot justify setting aside the agreement. *Young*, 103 F.3d at 1195.

---

App'x at 146 (upholding the district court's ruling that the parties had entered into a binding settlement agreement, even though one party never signed the final agreement).

[5] Due to Ocwen's apparent attempt to incentivize the Plaintiffs to enter into the revised proposal, the original agreement also exhibits greater fidelity to the term sheet with respect to the remaining balance on the unpaid loan.

The fact that Ocwen regrets the formal language that *it* wrote into the original agreement does not absolve it of its duties to adhere to that agreement.

Having concluded that Ocwen owed a legally enforceable duty to the Mitchells, the Court now turns to the question of breach. The Mitchells have fully performed pursuant to the original settlement agreement.[6] Notwithstanding the "time is of the essence" provisions in the settlement agreement ▄▄▄▄▄▄▄▄▄▄ Ocwen, however, has failed to perform any of its obligations under the agreement in the five months preceding the filing of this enforcement action. ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

Ocwen's reliance on *Nolan v. Hamidullah*, Case No. 4:07-1141-JFA-TER, 2010 WL 5060604 (D.S.C. Dec. 6, 2010) is misplaced. The agreement at issue in *Nolan* specified that the defendant prison had to provide a legally blind inmate with Braille instruction and independent living skills instruction. *Id*. at 1. The defendant was also required to provide an affidavit by a qualified Braille instructor that the instruction was being provided. *Id*. The defendant provided the appropriate instruction. *Id*. The defendant also provided an affidavit by someone other than a qualified Braille instructor due to the instructor being uncomfortable getting involved in litigation. *Id*. The plaintiff based his motion to enforce settlement on this infirmity. *Id*. The court concluded that the defendant had "substantially complied with the settlement agreement," because the plaintiff was still receiving the "training he bargained for." *Id*. at 2-3.

---

[6] The Court rejects Ocwen's contention that the Mitchells have not performed because Ocwen never cashed the checks that the Mitchells sent. Ocwen cites no case, and the Court has found none, in support of this position. Ocwen readily concedes that it received the checks, and that it was fully within Ocwen's power to cash the checks. The agreement only specifies that the Mitchells would make a payment, and make a payment they did. If the Court accepted Ocwen's claim, then any party owed any money under any contract could simply refuse to cash a check paid to them by the owing party and then sue for breach of contract.

Unlike the defendant in *Nolan*, Ocwen has not substantially complied with the settlement agreement. Mere acknowledgement of the terms on the term sheet is not substantial compliance. As Ocwen concedes, it has not yet performed any of its obligations under the agreement. This sets Ocwen in stark contrast from the defendant in *Nolan* because the defendant in *Nolan* complied with most of its obligations. In light of the fact that Ocwen has not performed any of its legally binding duties under the agreement, this Court finds Ocwen to be in breach of contract.

The final element of a cognizable breach of contract claim is the injury. *Filak*, 594 S.E. at 614. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████ In light of these facts, the Court finds that Ocwen's breach has caused injury to the Mitchells.

**C.      The Mitchells are entitled to attorneys' fees.**

Under the settlement agreement, the prevailing party in a motion to enforce recovers its attorneys' fees:

> 3. **Attorneys' Fees:** Each party shall bear its own attorneys' fees and costs incurred. If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing Party or Parties in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees hereunder shall not be computed according to any court schedule, but instead, shall be in such amount as to fully reimburse all attorneys' fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing Party for all attorneys' fees paid or incurred in good faith.

If the parties are unable to resolve the amount due, then the Mitchells are DIRECTED to submit, within thirty (30) days after the district judge rules upon this report and recommendation

and any objections thereto, a motion substantiating their reasonable expenses and attorneys' fees, consistent with the factors enumerated in *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). Once the Court reviews and determines the reasonableness of the Mitchells' expenses and fees and considers Ocwen's response, an appropriate order may issue requiring Ocwen to pay the reasonable expenses and fees.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that plaintiffs' motion to enforce the settlement agreement (ECF No. 30) be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days after being served with a copy of this Report and Recommendation, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6 of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6 of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
February 16, 2016